*DICKS & AL.* vs. *BARTON.*

APPEAL from the court of the third district.

PORTER J. delivered the opinion of the court. The record in this case, not being certified in such a manner, as to enable us to examine the cause on its merits, our attention is confined to the bills of exceptions.

The first, was taken to the judge's overruling several exceptions contained in the defendant's answer.

One of these exceptions is, that the copy of the petition served on the defendant, did not correspond with the original. The particular variance is not set out. We have collated them, and can find no difference, except that in the document filed with the answer, the indorsements on the back of the note annexed to the petition, are not copied. Admitting, however, there are others, there is not evidence before us to enable us to say that the judge erred.— The sheriff's return states, that he served *a copy of the petition* on the defendant.— There is no proof that the copy which the defendant has annexed to his answer, is that which was served on him; consequently, the

EasternDis'ct *April*, 1827.

DICKS & AL.
vs.
BARTON,

The indorsee need not give notice to the maker of the transfer of the note on which suit is bro't.

After a cause is argued, no motion can be made to hasten judgment until the time given by law for rendering it, has elapsed.

After a motion for a new trial is overruled, the court may proceed at once to give final judgment

sheriff's return must be received as true. *Code of Practice, no.* 275.

The second exception is, that the petition did not contain an averment, that notice of the transfer, of the note sued on, to the plaintiff, was ever given to the defendant. There was no necessity for the petition containing such an averment, as, whether the defendant had notice of it, or not, he was responsible to the endorsee.

The third exception, as it is called, went to the merits, and as the evidence does not come up, its correctness cannot be gone into here.

The second bill of exceptions is of a very novel kind. It states that, after the evidence was gone through, the defendant moved for judgment in his favor; and that, notwithstanding that motion, the court gave judgment the next morning for the plaintiff, without overruling the motion. This is gravely excepted to as illegal, unjust, and irregular.

It is extraordinary, that counsel should deem it their duty, to place such matter before this court, for its examination. There could be no such thing as a motion, technically speaking, for the judge to give judgment for one party or the other. After the evidence was gone

through, and no argument offered, the case was with the court, and out of the reach of motions, until the time had elapsed within which the law requires judgment to be pronounced. And if such a motion could have beeen made, and entered on the minutes, in what more effectual manner could it be overruled, than by giving judgment for the plaintiff; that was, beyond a doubt, a decision on the motion, and consequently, it could not be a ground for exception, that the motion was not disposed of.

The next two bills of exceptions relate to the time at which the motion for a new trial was made, and the alleged impropriety of the court hearing argument on it, before the party who made it was ready to go into the discussion. It is unnecessary to express any opinion on these points, as the appellant can have every advantage in discussing the case here, as if it had been regularly listened to below. It would be doing a vain thing to remand the cause to have the motion argued in the inferior court, and have the case ultimately returning to us in the same shape.

The alleged grounds for a new trial are two. One, the overruling the exceptions in the answer, on which we have just expressed an

opinion; the other, that though the plaintiff proved the signature of the defendant, and an interlineation in the note to be in his hand writing, yet that he did not *offer the note in evidence.* It is difficult to conceive how this proof was obtained in open court, in relation to the execution of the note, unless it was offered in evidence. We suppose the objection means, that after the instrument was proved, the plaintiff neglected to formally state, *that he then offered it in evidence.* We deem it unnecessary to adduce any argument, to shew the perfect correctness of the opinion of the court below, in not considering this a legal ground for a new trial.

The plaintiff has pressed on us the propriety of affirming the judgment below with damages. The defence, through all its parts, certainly shews that delay was the main object. But there is a difficulty in regard to the regularity of the proceedings below, though not relied on by the defendant, that saves him from the penalty. The judgment was rendered the 26th—a motion for new trial was made the same day. This motion was argued and overruled on the 27th, and judgment signed before three days had expired. We had doubted whether the language used in the code of

practice, did not make it the duty of the court to wait three days under any and every circumstance, before judgment was signed. But as we believe the only motive for giving this time, was to allow the party cast to move for a new trial.—No error was committed in signing judgment as soon as the motion was made and dispensed of. The same principle was decided at the last term of the western district, in the case of *Gardere* vs. *Murray,* that was much contested, and fully discussed by the counsel engaged in it.

It is therefore, ordered, adjudged, and decreed, that the judgment of the district cour be affirmed with costs.

*Peirce* for the plaintiff, *Preston* for the defendant.